UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Terry S. Moreau and <br> Sherry Moreau, <br>         Plaintiffs, <br> v. <br> Allied Van Lines, Inc., <br>         Defendant. | Civil Action No.: 1:07-3257-RBH <br><br> **O R D E R** |

This matter is before the Court on the plaintiff's Motion to Reconsider[1] this Court's Order filed on December 17, 2009, granting in part and denying in part the defendant's motion for summary judgment and granting summary judgment for the plaintiff in the amount of $81,000 in actual damages.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

---

[1] Docket Entry Number 59

1

Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the motion and the response, the Court concludes that the motion should be granted pursuant to Fed. R. Civ. P. 59(e) to correct an error of law.

Defendant first objects to this Court's *sua sponte* grant of summary judgment in favor of the plaintiff, where the only motion before the Court was the defendant's motion for summary judgment to which the plaintiff had not responded. The defendant recognizes this Court's authority to grant summary judgment without specifically giving the opposing party an opportunity to be heard on an issue, where the issue was already before the court in a properly noticed motion for summary judgment. *See Amzura Enterprises, Inc. v. Ratcher*, 18 Fed. Appx. 95, 104 n.8 (4th Cir. 2001). However, Defendant contends that there are factual issues regarding the plaintiff's entitlement to actual damages and as to the amount of any actual damages. The Court apparently misconstrued the defendant's position on the matter. Therefore, the motion is granted on this basis.

Defendant also contends that there is a genuine issue of material fact regarding when any alleged negligence of the defendant occurred in relation to the "Act of God" defense. Defendant asserts that any damage resulting from the first hurricane cannot be recovered and that there are factual issues regarding any negligence by the carrier which may have occurred after the hurricane. As the Court has already granted the motion on the first basis, the Court also grants the motion on this basis and the issue can be addressed at the bench trial on the case as well.

Finally, the defendant makes the argument that the action is time-barred on the basis of a nine-month claim filing requirement under the Carmack Amendment. This defense was raised in the Answer but was not mentioned in the defendant's Motion for Summary Judgment or supporting memorandum. However, Defense counsel entered and filed a document on ECF as a "Supplement"

2

(Docket Entry #55) on July 29, 2009 raising this issue for purposes of summary judgment. Counsel's filing was not identified on this Court's docket as a memorandum in support of the motion for summary judgment. It only identified certain exhibits. There was no reference on the ECF docket that a supplemental memorandum was filed. Therefore, the Court did not realize that the filing was anything other than additional exhibits in support of the motion. In fairness to the plaintiff, if the Court is going to consider this issue, the plaintiff should be given an opportunity to respond since the plaintiff may have also not realized that an additional ground was being raised for summary judgment.

There is a question as to whether the "Supplement" was actually timely under the deadlines set forth in the scheduling order. Under the Scheduling Order filed on December 19, 2008 (Docket Entry #33), the deadline for dispositive motions was June 1, 2009. The defendant filed its motion for summary judgment and initial supporting memorandum which did not raise the issue relating to the timeliness of the lawsuit on that date. The "Supplement" raising the issue for summary judgment purposes was not filed until July 29, 2009. Defendant has not supplied the Court with any reason for the failure to raise the issue sooner. However, the issue would have still remained for trial, if the issue were considered not to be timely as a basis for summary judgment.

After consideration of the motion and response, and a review of the matter, the Court finds that the motion to reconsider should be granted and the judgment vacated. This case is the last case remaining which is assigned to the undersigned in the Aiken Division. Therefore, the case is transferred to the Florence Division pursuant to Local Rule 3.01(C), where the undersigned is primarily assigned. The Court finds that this transfer will serve judicial efficiency and that it would not be feasible to move court personnel and staff to Aiken for a single case. The case shall be set for a date certain non-jury bench trial in Florence before the undersigned on <u>June 7, 2010, beginning at 9:30 a.m.</u> The Court is allotting two to three days for the trial, and the parties are to contact the Court regarding

3

their estimates of the length of the trial. Since the scheduling order had informed the parties to be ready for trial by August 11, 2009, and this order is being entered in May of 2010, then surely the parties are ready for trial. If the case has not been mediated, then the parties shall mediate the case by June 1, 2010. Plaintiff may file a response to the defendant's "Supplement" with any arguments relating to the timeliness of this lawsuit by May 24, 2010.

The parties are reminded to send the Court pretrial briefs via e-mail at harwell_ecf@scd.uscourts.gov by June 1, 2010 and they are further reminded to meet regarding the exhibits pursuant to Paragraph 13 of the Scheduling Order. Also, proposed findings of fact and conclusions of law should be sent to Judge Harwell's Chambers via e-mail, along with the pretrial briefs.

The motion to alter or amend is accordingly **GRANTED**. The judgment is vacated and the case is reopened and transferred to the Florence division for trial. The case is set for bench trial beginning Monday, June 7, 2010 at 9:30 a.m. in Florence. Mediation shall be conducted by June 1, 2010, if not already completed.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 20, 2010
Florence, South Carolina

4